

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

December 6, 1965

Hon. Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas   78711

Opinion No. C-561

Re: Whether state officials
and heads of State agencies
are to be considered State
employees insofar as the
transportation allowance
for the use of personally
owned automobiles are con-
cerned, and related ques-
tions.

Dear Mr. Calvert:

In your letter requesting an opinion from this office, you submit the following questions:

"1.  Are State officials and Heads of State agencies to be considered State employees as far as the transportation allow- ance for the use of personally owned auto- mobiles are concerned?

"2.  If your answer is in the affirma- tive, do the Rules and Regulations promulgated by me, and approved by you in accordance with the provisions of the above named Article, apply to out-of-State trips while travelling in per- sonally owned automobiles?

"3.  If your answer is in the negative, what transportation allowance should be allowed Department Heads and State officials?

"4.  If your answer is that the Rules and Regulations do apply to State officials shall they be allowed their actual expenses based upon the time necessary for travel by commercial transportation or shall they be allowed their actual expenses for the entire time necessary to travel by private conveyance?"

-2709-

With regard to these questions, you make the following statement:

"An examination of the Appropriation Bill, under which we are now operating, will reveal that the Legislature has not specifically set the rate per mile to be allowed Heads of State agencies while using their personally owned automobiles."

Article 6823a, Vernon's Civil Statutes, is known as the "Travel Regulations Act of 1959." The provisions of Article 6823a, Vernon's Civil Statutes, most pertinent to our discussion, are quoted as follows:

"Sec. 2. The provisions of this Act shall apply to all officers, heads of state agencies, and state employees. . . .Heads of state agencies shall mean elected state officials, excluding members of the Legislature who shall receive travel reimbursement as provided by the Constitution, appointed state officials, appointed state officials, whose appointment is subject to Senate confirmation, directors of legislative interim committees or boards, heads of state hospitals and special schools, and heads of state institutions of higher education.

"Sec. 3. a. Reimbursement from funds appropriated by the Legislature for traveling and other necessary expenses incurred by the various officials, heads of state agencies, and employees of the state in the active discharge of their duties shall be on the basis of either a per diem or actual expenses as specifically fixed and appropriated by the Legislature in General Appropriation Acts. A per diem allowance shall mean a flat daily rate payment in lieu of actual expenses incurred for meals, and lodging and as such shall be legally construed as additional compensation for official travel purposes only.

"b. The rate of per diem and transportation allowance and method of computing those rates shall be those set forth in General Appropriation Acts providing for the expenses of the state government from year to year."

The provisions of the General Appropriations Bill for the current biennium, H.B. 12, 59th Legislature, Regular Session, 1965, most pertinent to our discussion of your first question as quoted above, read as follows:

"Article V

"Sec. 14. TRANSPORTATION ALLOWANCE. None of the monies appropriated by this Act for travel expense may be expended to reimburse costs of transportation on official business except in compliance with the following conditions, limitations, and rules:

"a. The rate of such reimbursement for the employee's personally owned automobile shall be eight (8) cents per mile. No additional expense incidental to the operation of such automobile shall be allowed. . . ."

"Reimbursements for out-of-State transportation for the use of personally owned automobiles together with per diem shall never exceed the cost of commercial first class transportation from the nearest airport and the per diem required had the employee travelled by such conveyance. . . ."

The Legislature did not expressly state in Article V, Section 14a of House Bill 12, the transportation allowance for officers and heads of State agencies using personally owned automobiles on official State business, both in-State and out-of-State.

In Patterson v. City of Dallas, (Civ.App. 1962), 355 S.W.2d 838, ref. n.r.e. appeal dismissed 83 S.Ct. 873, 372 U.S. 251, 9 L.Ed.2d 732, the Court stated at page 844 the following:

"Where the intention of a statute is not clearly expressed or is so inadequately expressed that the court must resort to construction, it is proper to consider the results of any proposed construction, and the court will, if possible, place upon the statute a construction which will not result in an injustice, inconvenience, unreasonableness, prejudice to public interest, or absurd consequences."

We construe those provisions of Article V, Section 14a of House Bill 12, which provide for the reimbursement for in-State and out-of-State transportation for the use of personally owned automobiles as applicable to officers, heads of State agencies, as well as State employees. A contrary construction would prohibit the reimbursement of officers and heads of State agencies for the use of personally owned automobiles on official State business, both in-State and out-of-State, while it would allow such reimbursement for State employees. Such a construction would be unreasonable and absurd. It is our opinion that the Legislature did not intend such a result. Therefore, it is our opinion that the provisions of Article V, Section 14a of House Bill 12 providing for reimbursement for in-State and out-of-State transportation for the use of personally owned automobiles are applicable to officers and heads of State agencies, as well as State employees.

One of the rules and regulations based on the provisions of Article V, Section 14a of House Bill 12, 59th Legislature, Regular Session, 1965, which has been promulgated by you and approved by this office under the authority of Section 6a, Article 6823a, Vernon's Civil Statutes, is quoted in part as follows:

"REIMBURSEMENT FOR OUT-OF-STATE TRAVEL FOR THE USE OF PERSONALLY OWNED AUTOMOBILES WITH PER DIEM

"If an employee whose out-of-state destination is served by commercial airline elects or is allowed by his agency head to travel by personal automobile, he can be reimbursed in an amount no greater than the cost of a first-class commercial airline ticket to the point of his out-of-state destination plus, in the event his point of departure is not served by an airline the expense of transportation to the nearest airport from his point of departure or headquarters. Also, added to this amount would be the appropriate amount of per diem which would have been allowed had he elected to travel by commercial airline. . . ."

Based on our construction of the provisions of Article V, Section 14a of House Bill 12, it is our opinion that the part of your rule and regulation which provides for reimbursement for out-of-State transportation for the use of personally owned automobiles, is applicable to officers and heads of State agencies, as well as State employees.

Article V, Section 17a of House Bill 12, provides as follows:

"Sec. 17. EXCEPTIONS TO THE PER DIEM AND TRAVEL ALLOWANCES. a. Executive heads of State agencies, including the Executive Director of the Legislative Council, shall be reimbursed for their actual meals, lodging, and incidental expenses when traveling on official business either in or out of the State."

Under the provisions of Article V, Section 17a of House Bill 12, supra, Heads of State agencies are reimbursed for actual travel expenses rather than on a per diem basis when traveling either in-State or out-of-State. Therefore, it is our opinion that the part of your rule, supra, which provides for a per diem allowance in computing the total reimbursement for out-of-State travel for the use of personally owned automobiles, while applicable to State employees, is inapplicable to heads of State agencies. In addition, it is our opinion based on the express provisions of Article V, Section 17a of House Bill 12, that heads of State agencies are entitled to reimbursement for their actual expenses for the entire time necessary to travel in their personal automobiles.

## S U M M A R Y

The provisions of the General Appropriations Bill, Article V, Section 14a, House Bill 12, 59th Legislature, 1965, providing for reimbursement for in-State and out-of-State transportation for the use of personally owned automobiles, are applicable to officers, heads of State agencies, as well as State employees.

Your rule and regulation, based on the travel provisions of the General Appropriations Bill, Article V, Section 14a, House Bill 12, 59th Legislature, 1965, promulgated by you and approved by this office under the authority of Section 6a, Article 6823a, Vernon's Civil Statutes, so far as it provides for the reimbursement for use of personally owned automobiles, is applicable to officers and heads of State agencies, as well as State employees. However, that part of the rule which provides for a per diem allowance in computing the total reimbursement for out-of-State travel for the use of personally owned automobiles, while applicable to State employees

is inapplicable to heads of State agencies, because of the provisions of Article V, Section 17a, House Bill 12, 59th Legislature, 1965.

In addition, under the provisions of Article V, Section 17a, 59th Legislature, Regular Session, heads of State agencies are entitled to reimbursement for their actual expenses for the entire time necessary to travel in their personal automobiles.

Very truly yours,

WAGGONER CARR
Attorney General

By:

Ivan R. Williams, Jr.
Assistant

IRWjr:mkh

APPROVED:
OPINION COMMITTEE

W. O. Shultz, Chairman
Pat Bailey
Gordon Cass
Robert Owen
Roy Johnson

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright